UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RYAN SAMSEL,<br>         Defendant. | Case No. 21-mj-188 (ZMF) |

## ORDER

On June 4, 2021, the parties in the above-captioned matter appeared before the undersigned for a hearing on the Defendant's Motion for Release from Temporary Detention ("Motion"), ECF. No. 23, and the Government's Memorandum in Opposition to the Defendant's Motion to Revoke Detention Order ("Opposition"), ECF. No. 25. The Defendant conceded detention but requested that he be released temporarily from federal custody to the custody of the Commonwealth of Pennsylvania, where a detainer has been lodged against him by the Pennsylvania Board of Parole. Motion at 4. Counsel for the Defendant represented that the Defendant would remain incarcerated pursuant to the Pennsylvania detainer until at least April 24, 2022. Through its Opposition and supporting sealed exhibits ("Exhibits"), ECF No. 26, counsel for the government proffered that the Defendant's release pending trial poses a danger to the community that cannot be mitigated by any condition or combination of conditions of release.

After review of the Motion, the Opposition, the Exhibits, and consideration of the proffers and arguments made by counsel, it is hereby

**ORDERED** that the Defendant shall be held pending trial pursuant to 18 U.S.C. § 3142(e)(1). The Court finds that the serious and dangerous nature of the Defendant's instant charges, the strength of the evidence supporting those charges, the Defendant's lengthy history of assaultive conduct, and the risk that the Defendant will use violence against the democratic process

in general or certain individuals in particular, all weigh in favor of his detention pending trial. *See* 18 U.S.C. § 3142(g)(1)-(4). Further, based on the Defendant's lengthy criminal history and the allegation that he committed the instant offenses while he had an open warrant and while on parole for a different matter, *see* Opposition at 1, the Court finds that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). It is

**FURTHER ORDERED** that the Defendant be released temporarily from the custody of the Attorney General[1] to the custody of the Commonwealth of Pennsylvania for the limited purpose of being incarcerated on the detainer warrant lodged against him in that jurisdiction. 18 U.S.C. § 3142(i). The Court finds that the Commonwealth of Pennsylvania is "an appropriate person" in this instance, and that the Defendant's temporary release is warranted "for [a] compelling reason." *Id.* Specifically, the Defendant requires specialized medical treatment that is more readily available at the Pennsylvania facility. The Court finds that his temporary release from federal custody to the custody of the Commonwealth of Pennsylvania is appropriate to ensure his safety and care. The Court will later issue a federal warrant to be lodged as a detainer against the Defendant, which will ensure that the Defendant is returned to the custody of the Attorney General prior to his release by Pennsylvania upon the completion of his time of incarceration there.

**SO ORDERED.**

                                                                                                       Zia M. Faruqui
United States Magistrate Judge

---

[1] At any time while the Defendant is in the custody of the Attorney General or the Attorney General's designated representative, he shall be held for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. 18 U.S.C. § 3142(i).